**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**KATINA QUINN**                                                               **PLAINTIFF**

**V.**                                                         **CASE NO. 2:11-CV-00052-MTP**

**MARION COUNTY AND**
**SHERIFF BURKLEY HALL**                                          **DEFENDANTS**

---

### OPINION AND ORDER

This matter comes before the Court on the Defendants' Motion for Summary Judgment [33]. The Plaintiff has not responded to the motion though she was provided a number of opportunities to do so. *See* Orders [39, 41]. Upon due consideration and for good cause shown, the Court finds that the motion is well taken and due to be granted for the reasons provided herein.

On March 7, 2011, Plaintiff Katina Quinn, proceeding *pro se* and *in forma pauperis*, filed her 42 U.S.C. § 1983 complaint in this Court against Marion County, Mississippi and Sheriff Berkley Hall.[1] Quinn filed this lawsuit concerning the alleged constitutional rights violations that her son, Stacy Walker, suffered while he was held as a pretrial detainee at Marion County Jail from June 2008 to December 2008.[2] At all times herein, Ms. Quinn was incarcerated at Central Mississippi Correctional Facility ("CMCF") in Rankin County, Mississippi.

The Plaintiff alleges that Walker fell in a shower and hit his head while he was confined

---

[1] Berley Hall is the Sheriff of Marion County, Mississippi. Sheriff Hall's first name is spelled "Burkley" on the case docket; however, the correct spelling is "Berkley." *See* Hall Affidavit [33-6].

[2] Walker was being held on a charge of murder.

1

at Marion County Jail. According to the Plaintiff, Walker complained to nurses at the jail about headaches, but the nurses did nothing to help him. Walker was later taken to Marion General Hospital, where spinal taps were performed on him, but he continued to suffer headaches. Quinn alleges that the jail's medical staff gave Walker Tylenol for the headaches. The Plaintiff also asserts that an investigator at the jail beat Walker during his confinement.

In December 2008, Walker was released on bond. He continued receiving medical treatment after his release which included visits to hospitals in Hattiesburg and Ocean Springs, Mississippi. Walker was ultimately diagnosed with cancer and died on October 17, 2009.[3]

In this lawsuit, Plaintiff asserts that Sheriff Hall and Marion County were deliberately indifferent to Walker's serious medical needs and failed to provide him proper medical treatment after his fall. The Plaintiff argues that the inadequate treatment Walker received at the jail caused him to develop cancer. Quinn also asserts that Walker was beaten while incarcerated and that the Defendants are liable for the excessive force used against him. She seeks monetary damages, including payment of Walker's medical bills, pain and suffering for his family members, and other damages associated with his incarceration.

The Defendants have moved for summary judgment, asserting that they were not deliberately indifferent to Walker's medical needs and that the decedent was given appropriate medical treatment while incarcerated at Marion County Jail. Defendants contend that Sheriff Hall is entitled to qualified immunity on the claims against him in his individual capacity. They argue that summary judgment should be granted on the remaining claims because the Plaintiff

---

[3]Walker died at age 20. Although it is unclear what type of cancer the decedent had been diagnosed with, Quinn testified during the omnibus hearing that Walker had undergone surgery on his brain to remove some of the cancer. Omnibus Transcript 28:13-14.

has not identified any policy of Marion County that is the moving force behind the alleged constitutional violations. Although she was granted additional time to do so, Quinn has not responded to the summary judgment motion and the deadline to do so has long since expired. *See* Orders [39, 41].

Federal Rule of Civil Procedure 56(a) "mandates the entry of summary judgment...against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When ruling on a motion for summary judgment, the court must consider the record evidence and draw all reasonable inferences in the nonmoving party's favor. *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 391 (5th Cir. 2009).

The party seeking summary judgment bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Paz*, 555 F.3d at 391 (quoting *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000)).

Once the moving party meets its burden, the nonmoving party must then "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069,

1075 (5th Cir. 1994) (internal citations omitted).

In this lawsuit, summary judgment should be granted in favor of the Defendants because the Plaintiff cannot establish that the Defendants are liable for the alleged violation of her son's constitutional rights. The Plaintiff alleges that the Defendants violated Stacy Walker's Eighth Amendment rights when they denied him appropriate medical treatment, acted with deliberate indifference to his serious medical needs, and used excessive force against him. As detailed below, the Plaintiff fails to meet her burden on these claims; therefore, the Defendants are entitled to judgment as a matter of law.

It is unclear whether the Plaintiff is suing Sheriff Hall in his individual capacity, official capacity, or both. However, any official capacity claim the Plaintiff asserts against Sheriff Hall is treated as a claim against Marion County.[4] "To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of, the constitutional injury." *James v. Harris Cnty.,* 577 F.3d 612, 617 (5th Cir. 2009). In this lawsuit, Ms. Quinn does not argue that Marion County had an unconstitutional policy or that an unconstitutional policy was the moving force behind the violation of her son's constitutional rights. Accordingly, Marion County cannot be help liable for the constitutional deprivations alleged in this case. Summary judgment is proper as to the claims against Marion County.

The Court next considers whether Sheriff Hall can be held personally liable for the

---

[4]"As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985)

alleged violations of Stacey Walker's constitutional rights. Under § 1983, a state official acting "within the scope of [his or her] discretionary authority" is entitled to qualified immunity. *Cronen v. Texas Dept. Human Svcs.*, 977 F.2d 934, 939 (5th Cir. 1992). The doctrine of qualified immunity holds "public officials accountable when they exercise power irresponsibly and…[protects them] from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

In determining whether an official is entitled to qualified immunity, the district court must decide whether the facts alleged by the plaintiff show that the defendant official violated a constitutional right and whether that right was clearly established at the time of the official's alleged misconduct. *Id*. at 231-232. If a state official pleads "qualified immunity," the court must enter a judgment in favor of the official unless his conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. at 231 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Sheriff Hall is entitled to qualified immunity because the facts, as alleged by the Plaintiff, do not show that he violated Stacey Walker's constitutional rights. The Plaintiff asserts that officers used excessive force on Stacey Walker while he was at Marion County Jail. However, as discussed below, the Plaintiff cannot show that Walker was ever assaulted.

When a claim is made against an officer for use of excessive force on a pretrial detainee,[5] the appropriate analysis is "whether the measure taken inflicted unnecessary and wanton pain

---

[5]Excessive force claims by pretrial detainees should be analyzed under the same standard as that applied to convicted prisoners. See *Valencia*, 981 F.2d at 1446-47 (explaining that a claim of excessive force against a law enforcement officer should be examined under the same standard regardless of whether the claim arises under the Eighth or Fourteenth Amendment).

5

and suffering and [this determination] depends on whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Valencia v. Wiggins,* 981 F.2d 1440, 1446 (5th Cir. 1993) (internal citations omitted). Thus, to prevail on an excessive force claim, the plaintiff must prove that an assault occurred, and that it was done "maliciously and sadistically" rather than in good faith to maintain order or restore discipline. *Wilkins v. Gaddy,* -- U.S. --, 130 S.Ct. 1175, 1180, 175 L.Ed. 2d. 995 (2010).

It is undisputed that Ms. Quinn has no personal knowledge of whether Stacey Walker was assaulted while he was housed at the Marion County Jail. Quinn testified during the omnibus hearing that Walker told her he was beaten by officers at the jail. The Plaintiff does not state when the alleged assault occurred nor does she assert that Sheriff Hall participated in it. Quinn has offered no evidence, other than her testimony which is based on hearsay, showing that Walker was assaulted or that a due process violation occurred. Based on the lack of evidence, the Plaintiff cannot prevail on her excessive force claim.[6] Since the Plaintiff has not alleged facts which demonstrate a constitutional violation, qualified immunity applies and Sheriff Hall cannot be held liable for use of excessive force on Stacey Walker.

The Plaintiff also alleges that Sheriff Hall is liable for denying medical treatment to Stacey Walker. As a pretrial detainee, Walker had a "Fourteenth Amendment right not to be denied, by deliberate indifference, attention to his serious medical needs." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citing *Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir.

---

[6]Assuming the Plaintiff could establish that excessive force was used, the Defendants would nevertheless be entitled to summary judgment on this claim because the Plaintiff has not alleged that an unconstitutional policy was moving force behind the assault.

6

1996)). An officer is deliberately indifferent, as defined in due process cases, if the officer has "subjective knowledge of a substantial risk of serious harm to a pretrial detainee" and he responds with "deliberate indifference to that risk." *Hare*, 74 F.3d at 650.

The Plaintiff claims that nurses did nothing when Walker complained to them about the headaches he suffered from after falling in the shower and hitting his head. However, the Plaintiff admits that nurses gave Tylenol to Walker for his headaches. Although the Plaintiff may argue that Walker should have been provided other treatment,[7] neither negligence nor disagreement with medical treatment alone can support a claim under § 1983. *Gibbs v. Grimmette*, 254 F. 3d 545, 549 (5th Cir. 2001).

According to his medical records, Walker was sent to Marion General Hospital and Forrest General Hospital on September 29, 2008, after falling in the shower. Doc. [37] at 3. He returned to the jail on October 2, 2008. *Id*. Walker was not given any new medication, but he was instructed not to lift anything greater than 3 lbs., not sit for long intervals or engage in strenuous work, and to wear a back brace for up to 12 hours daily. *Id.* On October 3, 2008, Walker was given Ibuprofen[8] for back pain and headaches. *Id*. at 5. He was again given Ibuprofen on October 21 and 25, 2008. *Id*. at 7-8. On November 4, 2008, Walker was prescribed Excedrin migraine. *Id*. at 9.

On November 16, 2008, Walker was taken to the medical office at the jail for nausea and

---

[7]At the omnibus hearing, Quinn testified that after Walker fell, she "would have just examined his head, and if the headaches continued, I would have took [sic] him to the hospital." Omnibus Transcript 20:11-12.

[8]Medical records state that Walker was to take "IBU 200 mg x 2 for pain and headache..." Doc. [37] at 5.

dehydration. *Id.* at 12. He was prescribed Phenergan and another medication for his conditions. *Id.* at 13. When Walker complained that he had trouble sleeping, he was prescribed an anti anxiety medication. *Id.* at 14. On December 5, 2008, officers took Walker to the medical office at the jail after he vomited in his cell.[9] On December 8, 2008, Walker advised medical staff that he was "doing good now" and that he didn't "need any more medicines." *Id.* at 16. Walker later refused medication for stomach discomfort. *Id.* On December 9, 2008, Walker executed a Release of Responsibility form wherein he refused his medications and acknowledged that he understood the risks involved in declining treatment. *Id.* at 18.

Laura Stogner was a nurse at the Marion County Jail who treated Walker during his incarceration. Doc. [33-5]. Nurse Stogner testified by sworn affidavit that Walker was never denied or refused medical treatment while he was at the jail. Doc. [33-5]. Nurse Stogner claims that in response to Walker's continuous complaints, she requested his medical records from Forrest General Hospital. *Id.* Upon receipt of the documents, she learned that an MRI had been performed on Walker at the hospital. *Id.* According to Nurse Stogner, the doctor at the jail reviewed Walker's MRI results, "but did not feel additional observation was needed at that time." *Id.*

By sworn affidavit, Sheriff Hall testified that he had no direct involvement with Walker while he was incarcerated at Marion County Jail. Doc. [33-6]. When it was later determined that Walker needed further treatment, Sheriff Hall authorized him to be released on bond. *Id.*

The Plaintiff cannot prevail on her denial of medical treatment claim against Sheriff Hall

---

[9]When officers came to his cell, Walker showed resistance so they handcuffed him and "attempted to obtain vital signs, inmate refused, inmate currently refusing most medication..." Doc. [37] at 16.

8

because she has not presented any evidence suggesting that Walker was ever denied medical attention. To the contrary, the record reveals that Walker received regular medical treatment until he refused medications and other treatment in December 2008. Further, Hall has testified by affidavit that he never had any direct involvement with Walker while he was at the jail. Doc. [33-6]. The Plaintiff has not established that Sheriff Hall knew of any substantial risk of harm to Walker or that Hall responded with deliberate indifference to that risk. Accordingly, she cannot show that Walker was denied medical treatment or that his due process rights were otherwise violated. Since the facts do not show that a constitutional violation occurred, qualified immunity applies and the individual capacity claims against Sheriff Hall should be dismissed as a matter of law.

In light of the foregoing analysis, the Court finds that the Defendants are entitled to summary judgment because there is no evidence in the record showing that they refused medical treatment to the decedent or used excessive force against while he was a pretrial detainee at Marion County Jail. The motion for summary judgment is granted in favor of the Defendants. Pursuant to Fed. R. Civ. P. 58, a separate judgment will be entered.

SO ORDERED, this the 6th day of March, 2013.

/s/**MICHAEL T. PARKER**
UNITED STATES MAGISTRATE JUDGE